MATLACK (LINDENBERGER v.). See Case No. 8,360.

MATLOCK (CHARLES v.). See Case No. 2,-615.

## Case No. 9,282.

In re MATOT et al. .

[16 N. B. R. 485; 5 N. Y. Wkly. Dig. 529.] [1]

District Court, D. Vermont. Nov. 14, 1877.

BANKRUPTCY — PETITION — REQUISITE NUMBER OF CREDITORS—PARTNERSHIP—ACT OF BANKRUPTCY—DEFAULT—HOW OPENED.

1. Where the requisite number of creditors join in a petition against a firm, it is not necessary that they should all be creditors of the firm.

2. The taking of partnership property, when the firm is insolvent, to pay a debt not a debt of the firm, although each of the partners may be liable for it, is an act of bankruptcy.

3. Where the requisite number of creditors have signed the petition, an adjudication will not be set aside on the ground that such petition was procured by the bankrupts as an involuntary one to avoid the necessity of procuring the assent of the necessary number of creditors in case of a deficiency of assets; there can be no legal fraud in procuring an adjudication on involuntary proceedings unless it should be followed by a discharge that could not be had on voluntary proceedings. An adjudication by default can only be opened at the instance of a party to the default. .

[In the matter of E. L. Matot & Co., bankrupts.]

WHEELER, District Judge. This is a petition brought by several creditors of the bankrupts, setting forth in substance that the adjudication of bankruptcy of the bankrupts, heretofore made, was upon a creditor's petition; that the petitioning creditors were not, in fact, creditors of the firm; that the requisite number and amount did not join in the petition; that the acts of bankruptcy alleged did not in fact exist; and that the petition was procured by the bankrupts themselves as an involuntary one to avoid the necessity of procuring the assent of one-fourth in number, and one-third in value of the creditors to a discharge in case of a deficiency of assets for the purposes of a discharge on a voluntary petition, and praying that the adjudication be set aside. The petitioning creditors and the. bankrupts have answered this petition, and it has been heard on the petition, answers, proofs, and argument of counsel. Upon the proofs it may be somewhat doubtful whether both of the petitioning creditors are creditors of the firm to any amount at all, and if they are to any amount whether they are so as to all the claims set forth in their petition; but it does appear that one of them is a firm creditor to some amount, and that the other is an individual creditor, at least of one of the firm to some amount. By section 5121, Rev. St. U. S., two or more persons who are partners in trade may be proceeded against on the petition of any creditor of the partners, and the partnership property applied to the payment of partnership, and the individual property to the payment of individual debts. This sufficiently shows that,

1 [Reprinted from 16 N. B. R. 485, by permission. 5 N. Y. Wkly. Dig. 529, contains only a partial report.]

if there was a sufficient number joined, the proceeding was a proper one as to both the firm and its members, and that under it there can be no appropriation of firm property to the payment of any other than firm creditors. It does not appear whether the requisite number did join or not, for it does not appear to what amount, if any, there are creditors other than the originally petitioning, and these petitioning creditors; and if these are all there are, these now petitioning were secured by attachment, and not entitled to be counted, and the requisite number did join. But whether they did or not it is conceded that the lack in number was not such as that this petition should prevail on that ground alone, and the establishment of the sufficiency in number establishes the propriety of proceeding against the firm, because, as before stated, they were proceeded against by at least one firm creditor. If firm property could be applied to individual debts before satisfying firm debts there would be more force to an objection that the petitioning creditors were not all firm creditors, but as such property cannot be so applied, and there is no question of distribution here now, it can have but little force. It does appear that partnership property was taken to pay a debt, not a debt of this partnership, strictly speaking, although it may be that each of the partners was liable for it, when the firm was insolvent, which constituted an act of bankruptcy within clause .7, § 5021, Rev. St. U. S. So that one of the acts of bankruptcy alleged did in fact exist.

If there was the requisite number of creditors to the petition, there could be no fraud by the proceeding on the ground of the want of them in respect to procuring a discharge without the requisite amount of assets, or the assent of the requisite number of creditors to entitle the bankrupts to a discharge, although they may have been instrumental in instituting the proceedings. And as it does not appear but that there was the requisite number, the foundation on which the fraud in this respect would rest does not appear on which to grant the petition, if that would be sufficient ground for granting it. Generally, the grounds on which such an adjudication can be set aside must be exceedingly few, if they exist at all in favor of creditors not parties. Of course a default, on which an adjudication was founded could be set aside in favor of the party defaulted for the same reasons that other defaults are set aside in favor of like parties, and new trials could be granted in bankruptcy proceedings in favor of parties to the former trials as in other proceedings. This adjudication was on a default, in proceedings substantially regular. The parties defaulted are satisfied. The law, whether justly or unjustly, required no notice to any others. They were not parties to the default, and as such, have no standing place to have it opened. The law goes further than to leave the finality and conclusiveness of the judgment to the ordinary rules pertaining to similar adjudica-

tions, and expressly declares that it shall be final. Act June 23, 1874, p. 213, § 13 [18 Stat. 182]. In the eye of the bankrupt acts, however it may be practically, it is no loss to creditors for their debtors to be adjudged bankrupts in bankruptcy proceedings, of which they have any right to complain. If the debtors turn out to be solvent, it is supposed that they will be paid in full, which is all they could ask; if insolvent, that they will be paid their ratable share with the others, which is all they can, justly to the others, claim. Hence, any person owing provable debts exceeding three hundred dollars in amount, may file a petition and be adjudged a bankrupt, and have his estate settled in bankruptcy proceedings, without making any creditor a party till after the adjudication. Rev. St. U. S. § 5014. So the debtor is supposed to be the only one interested in the question, whether he shall be adjudged a bankrupt or not in involuntary proceedings, and, in that view, the law provides for a trial in respect thereto between him and the petitioning creditors; and it emphasizes the result, as before mentioned, by providing that the judgment shall be final, as if to exclude interference up to that stage of the proceedings by others. As the bankrupt law contemplates the proceedings there could be no legal fraud in procuring an adjudication, unless it should be followed by a discharge that could not be had on voluntary proceedings. No intimation that collusion between a debtor, and less than the requisite number of his creditors, to procure his discharge without the co-operation of the requisite number, and without the necessary amount of assets, would be successful beyond remedy is intended. Perhaps his procurement of such proceedings, for such a purpose, would be good ground for refusing his discharge, which would be all he could gain, or any of his creditors lose, beyond what he could have on his own petition; and perhaps there would be other remedies. To point them out is not the present purpose. In this case it does not appear that there would be a deficiency of assets such as to make an involuntary petition preferable for the bankrupts to a voluntary one; and without that it would be difficult to find collusion to avoid it. These now petitioning creditors, who, it seems to be considered, are partnership creditors. can have the partnership and individual creditors distinguished from each other, and the partnership and individual assets marshalled for their payment, and a discharge refused, if just grounds exist, and in that way obtain all that in view of the law, as it stands, and its purposes they are entitled to, without disturbing the judgment they complain of. The petitioners in this proceeding claim costs; but it is not clear that any are taxable. It is not a suit in which judgment can be rendered one way or the other; but is an application addressed rather to the discretion of the court. It may be that costs are taxable on such proceedings in the discretion of the court; but if so they

are not taxable of right, probably, and, under the circumstances, none are attempted to be awarded. The petition is dismissed.